UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN J. CAMMILLERI, JR.

                             Plaintiff,

v.                                          Civil Action No. _____

AFNI, INC.,

                                  Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Stephen J. Cammilleri, Jr. is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, AFNI, Inc., (hereinafter "AFNI") is a foreign business corporation organized and existing under the laws of the State of Illinois and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt to Citizens Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Plaintiff thereafter defaulted on the subject debt.

12. Upon information and belief, Defendant was employed by Citizens Bank to collect on the subject debt and/or the subject debt was transferred to Defendant.

13. In or about April, 2011, Defendant began calling Plaintiff on his cellular telephone in an attempt to collect on the subject debt.

14. In or about April, 2011, Defendant also contacted Plaintiff's mother and spoke with her. During said conversation, Defendant used language that indicated they were calling in regards to a debt owed by the Plaintiff. Defendant also asked Plaintiff's mother to pass along a message to Plaintiff.

15. In or about April, 2011, and thereafter, Defendant attempted to contact Plaintiff and left several voice messages on Plaintiff's cellular telephone voicemail messaging system which state that they are calling "regarding your balance listed at Citizens Financial Bank." Said message was left on Plaintiff's voicemail prior to confirming Plaintiff's location information.

16. In or about April, 2011, and thereafter, Defendant attempted to contact Plaintiff on his cellular telephone and left messages on Plaintiff's voicemail messaging system. In the aforementioned messages, Defendant did not give the required mini-Miranda warning that the communication was from a debt collector attempting to collect a debt.

17. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A.    Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by leaving Plaintiff messages without giving the required mini-Miranda warning that the communication was from a debt collector attempting to collect a debt.

    B.    Defendant violated 15 U.S.C. §§1692(b)(2) by disclosing the subject debt to the Plaintiff's mother.

    C.    Defendant violated 15 U.S.C. §§1692(b)(1) by contacting Plaintiff's mother for reasons other than confirming or correcting location information.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 11, 2011

/s/ Kimberly T. Irving  
Kenneth R. Hiller, Esq.  
Kimberly T. Irving, Esq.  
Law Offices of Kenneth Hiller, PLLC  
*Attorneys for the Plaintiff*  
6000 North Bailey Ave., Suite 1A  
Amherst, NY 14226  
(716) 564-3288  
Email: khiller@kennethhiller.com  
kirving@kennethhiller.com